IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MYRA YOUNG                                                                                    PLAINTIFF

v.                                       No. 6:16-CV-06049

JOYCE CRAFT, individually; and
MICHAEL HERNANDEZ, individually
and in his official capacity as Superintendent
of the Hot Springs School District                                                         DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Myra Young's motion (Doc. 15) to dismiss without prejudice under Federal Rule of Civil Procedure 41(a)(2). In support, Plaintiff states that the case has not been submitted to a jury and there have been no motions for summary judgment. Defendants have filed a response (Doc. 16), in which they state that they do not oppose dismissal without prejudice but ask that the Court award attorney's fees and costs as a condition of dismissal.

Rule 41(a)(2) allows the Court to dismiss "on terms that the court considers proper." "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Factors the Court may consider in determining whether to permit voluntary dismissal include:

> [1] the expenses and costs related to the lawsuit, . . . [2] the defendant's effort and the expense involved in preparing for trial, [3] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [4] insufficient explanation of the need to take a dismissal, . . . [5] the fact that a motion for summary judgment has been filed by the defendant, . . . [6] emotional and psychological trauma associated with the experience of defending another lawsuit, [and] [7] the prejudice resulting from uncertainty over title to land . . .

*Id.* at 783 (citations omitted and lists renumbered). Not every factor will pertain to every case. For example, in this case land title plays no role, and emotional and psychological trauma are likely to be minimal or nonexistent.

Neither party has given the Court much information on the record to consider in ruling on this motion. Plaintiff has failed to give any reason whatsoever for dismissal. Defendants' response does not set out the extent of any discovery conducted or time spent litigating this action. The Court has no means to determine whether excessive delay or lack of diligence factor into the instant motion. Likely some discovery had been conducted, as the parties previously requested and received a discovery extension. Additionally, the motion was filed on the eve of the dispositive motions deadline, and the Court has every reason to believe a motion for summary judgment was forthcoming.[1] Though this may be a case where the Court would be justified in imposing fees and costs, this is not clear from the record or the briefing.

The Court will grant the motion without imposing fees and costs. Any concern that this might operate to the prejudice of Defendants is lessened by the fact that Rule 41(d) allows the Court to impose costs should this case be refiled, and Arkansas Rule of Civil Procedure 41(d) allows the state courts to do the same. Should Plaintiff refile her action, a future court can determine whether Plaintiff should be responsible for the cost to Defendants of this action.

IT IS THEREFORE ORDERED that Plaintiff's motion to dismiss (Doc. 15) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 28th day of February, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] Indeed, prior to filing their response, counsel for Defendants spoke with the Court's law clerk and asked whether it was necessary to file a motion for summary judgment by the deadline or whether, should Plaintiff withdraw her motion, Defendants could file a motion for summary judgment at that time.